```
             IN THE UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF ARKANSAS
                       EASTERN DIVISION


JUAN VENTURA VERA                                    PETITIONER
Reg # 90562-000

v.              Civil Case No. 2:10CV00094 JMM-JTK

T.C. OUTLAW, Warden,
FCI-Forrest City                                     RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the

following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Petitioner, Juan Ventura Vera, is an inmate at FCI-Forrest City serving a sentence of 200 months for possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base imposed by the United States District Court for the Western District of Missouri. *United States v. Juan Ventura-Vera*, W.D. Mo. No. 06-03019-01-CR-S-RED. He filed a petition for a writ of habeas corpus on July 12, 2010, pursuant to 28 U.S.C. § 2241.

This habeas action does not attack any aspect of the underlying conviction and sentence. Instead, Petitioner maintains that the pre-sentence investigation (PSI)report[1] incorrectly states his criminal history, resulting in adverse effects on his custody and security classification, employment and quarters assignment. Further, he alleges that the inaccuracies in the report constitutionally prejudice his immigration status.[2] He requests that the Court order the Bureau of Prisons (BOP), pursuant to the Privacy Act, 5 U.S.C. § 552a[3], to "correct" the inaccuracies

---

[1] A pre-sentence investigation report is also interchangeably referred to as a PSR.

[2] As noted by Respondent, the BOP has no involvement in Petitioner's immigration matters; therefore, the Court's review is limited to Petitioner's allegation that the BOP maintains records of Petitioner's inaccurate PSI report.

[3] The relevant sections of the Privacy Act are found at 5 U.S.C. § 552a(e) and (g), which state as follows:

    (e) Agency Requirements. Each agency that maintains a system of records shall

...

    (5) maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination

...

    (g)(1) Civil remedies. -- Whenever any agency

...

    (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as

3

contained in the report.  (Docket entry #2)

In his Motion to Dismiss, Respondent asserts that, assuming a habeas corpus writ under § 2241 is a vehicle for raising a Privacy Act claim, the Privacy Act does not cover the records at issue. (Docket entry #10) On August 18, 2010, Petitioner filed a response in opposition to Respondent's Motion to Dismiss.  (*See* Docket entry #11) Thus, the matter is now ripe for disposition.

As discussed below, the Court recommends that the Motion to Dismiss be granted.

The portion of the PSI at issue is attached to Petitioner's Memorandum.  (Petitioner's Memorandum, Docket entry #2, Ex. B.3) Petitioner argues that two of the convictions listed in the PSI from the Circuit Court of Greene County, Missouri should have been grouped together and treated as related cases.

Petitioner apparently first raised the issue relating to these convictions at sentencing, and his counsel objected only to his criminal record with respect to "all facts and information

---

        is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual;

...

  the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

contained in these paragraphs, except as to information expressly contained in the charging documents of conviction, written plea agreements, Judgments and transcripts of the change of plea or sentencing hearings, as to each conviction referenced in these paragraphs." (*Id*. at Ex. B.2) The Court adopted the PSI report as prepared.  Thereafter, Petitioner wrote to the United States Probation and Pretrial Services Office in the Western District of Missouri.  In a March 23, 2010, letter to Respondent regarding Petitioner's PSI report, a Senior U.S. Probation Officer informed Warden Outlaw that review of the two convictions revealed the cases were not "related" and that the criminal history points were applied correctly.  *See id*.

Respondent claims Petitioner is attempting to circumvent the fact that the BOP has exempted the Inmate Central Records System records from the Privacy Act by filing this § 2241 habeas petition. The Court agrees.

Petitioner cites no cases to support a finding that a Privacy Act claim is proper in a habeas petition.  *See e.g.*, *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997) (rejecting a prisoner's attempt to bring a Privacy Act claim in a petition for mandamus because "it would defeat the purpose of the PLRA [Prison Litigation Reform Act] if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus for prohibition or by joining it with a petition for habeas corpus.").

In *Butler v. Outlaw*, the Petitioner brought a § 2241 habeas action, arguing that the BOP's assignment of a "sex offender" public safety factor violated the Privacy Act. *See* United States District Court for the Eastern District of Arkansas, Case No. 2:08CV00192 JLH-JTR. Butler requested, in part, that the Court order the BOP to "correct" its records, and the Respondent argued that the Petitioner could not bring a Privacy Act claim in a § 2241 habeas action. The United States District Court Judge, adopting the recommended disposition of the United States Magistrate Judge agreed, stating:

> By definition, a habeas action is limited to claims concerning the *execution* of a federal sentence. *See*, *e.g.*, *Burnam v. Marberry*, 2008 WL 4190785, *5 (W.D. Pa. 2008) (§ 2241 habeas petitioner's "Privacy Act claim should have been raised in a separate civil suit and subjected to all of the strictures of the Prison Litigation Reform Act [PLRA], and not raised in a habeas action under 28 U.S.C. § 2241.") (unpublished decision); *Lawson v. Berkebile*, 2008 WL 3906854, *1 (N.D. Tex. 2008) (§ 2241 habeas petition relying on Privacy Act was dismissed because the Privacy Act provided "a basis for a non-habeas, civil action in federal court" — "the Court will not construe this habeas action as a non-habeas civil action."). If Petitioner wishes to pursue a Privacy Act claim against the BOP, he must file a separate civil suit asserting this cause of action.

*See Butler v. Outlaw*, 2010 WL 797186, *2 (E.D. Ark. 2010)[4](emphasis in original.) *See also Murphy v. DeRosa*, 2005 WL 2475704, *6-7

---

[4]On March 10, 2010, the District Court Judge set aside the March 9, 2010, order and judgment to address the objections filed by Butler. Following Respondent's response to the objections, the Court approved and adopted in its entirety the proposed findings and recommended disposition of the United States Magistrate Judge.

(D.N.J. 2005) (summarily dismissing § 2241 petition seeking "correction," which was actually a challenge to the BOP's use of the PSR to determine the petitioner's custody classification, prison designation and participation in prison programs).

As in *Butler*, if Petitioner wishes to pursue a Privacy Act claim against the BOP, he must file a separate civil suit asserting this cause of action.[5] The relief requested here is unavailable to

---

[5] In *Butler*, the Court notified Petitioner, before he filed a Privacy Act case, that other federal prisoners who have pursued similar claims against the BOP have had their cases dismissed. Similarly here, the undersigned notifies the instant Petitioner.

Petitioner is clearly attempting to challenge BOP assessments. The Privacy Act is not, however, "a vehicle for amending the judgments of federal officials or ... other[s] ... as those judgments are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992). In particular, it has specifically and consistently been held that the Privacy Act is not available to "challenge ... the professional judgment of BOP officials in assessing points for purposes of establishing a prisoner's custody classification." *Doyon v. Dep't of Justice*, 304 F.Supp.2d 32, 35 (D.D.C. 2004) (citing *Kleiman*, 956 F.2d at 337-38). Petitioner may not use the Privacy Act to effect a change in the BOP's assessment.

Further, in 5 U.S.C. § 552a(j)(2), the Privacy Act provides that an agency may promulgate a system of regulations to exempt any part of its records from certain parts of the Act, and the BOP has done just that. A BOP prisoner's PSI and all information pertaining to his security level and custody classification are maintained in the Inmate Central Records System, a system which has been exempted from the Privacy Act by regulation. *See Brown v. Bureau of Prisons*, 498 F.Supp.2d 298, 302 (D.D.C. 2007) (noting that the BOP has promulgated regulations exempting its Inmate Central Records System from the amendment and remedy provisions of the Privacy Act).

Additionally, even were the BOP's Inmate Central Records not exempt, prisoners are not entitled to a correction of the documents kept by the BOP. The Privacy Act itself permits suits only for damages for violations, not for injunctive relief. *See Taylor v. Sniezek*, 2005 WL 1593671 at *2 (N.D. Oh. 2005) (citing 5 U.S.C. § 552a(g)(1)(C), and *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam)).

7

Petitioner in a § 2241 habeas action.[6] Therefore, it is recommended that Respondent's Motion to Dismiss (Docket entry #9) be GRANTED, and that the case be DISMISSED WITH PREJUDICE.

SO ORDERED this 24th day of August, 2010.

_____
United States Magistrate Judge

---

[6] In his Response to the Motion to Dismiss, Petitioner states that, as a pro se litigant, he "should not be hold [sic] to the Standards of a professional litigator", that he "might have made some mistakes presenting his claim to this Court based on his misunderstanding of the law and misinterpretation of law ...", and that his errors "should not have an effect into [sic] Petitioner's claims...." (Petitioner's Response, Docket entry #11, at 1-2) While a pro se habeas petition is held to "less stringent standards than formal pleadings drafted by lawyers," see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and should be "liberally construed," see *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004), the petition must still present a claim upon which relief can be granted. The petition fails in this regard.